Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VI**

| | | |
|---|---|---|
| Departamento de Educación<br><br>Recurrida<br><br>vs.<br><br>Asociación de Maestros de Puerto Rico, Local Sindical<br><br>Recurrente | TA2025RA00217 | **REVISIÓN ADMINISTRATIVA** procedente de la Comisión Apelativa del Servicio Público<br><br>Caso Núm.:<br>AQ-25-0334<br><br>Sobre:<br>Medidas Disciplinarias |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 6 de octubre de 2025.

Comparece la Asociación de Maestros de Puerto Rico (Asociación de Maestros o parte recurrente), y nos solicita la revocación de la Resolución, emitida el 9 de julio de 2025[1] por la Comisión Apelativa del Servicio Público (CASP). Mediante este dictamen, la CASP resolvió que carecía de jurisdicción para atender una Solicitud de Arbitraje de Quejas y Agravios presentada por la parte recurrente.

Examinada la totalidad del expediente, a la luz del derecho vigente, confirmamos el dictamen recurrido mediante los fundamentos que expondremos a continuación.

**I.**

El 24 de junio de 2025, la Asociación de Maestros, en representación del señor Etiel Costales Ortiz (Sr. Costales Ortiz), radicó una Solicitud de Arbitraje de Quejas y Agravios contra el Departamento de Educación de Puerto Rico (Departamento de

---

[1] Notificada el 5 de agosto de 2025.

Educación o parte recurrida) ante la CASP. En síntesis, alegó que el 5 de junio de 2025, el Departamento de Educación suspendió al docente Costales Ortiz sin derecho a sueldo por el término de 30 días. En desacuerdo, el empleado, por conducto de su entidad sindical, solicitó que se dejara sin efecto la suspensión por incidir en su derecho al debido proceso de ley.

Examinada su petición, el 9 de julio de 2025, la CASP emitió la determinación intitulada Cierre con Perjuicio, notificada el 5 de agosto de 2025, en la cual decretó la desestimación del caso. Determinó que, carecía de jurisdicción para atender la solicitud presentada por la Asociación de Maestros, pues el Sr. Costales Ortiz es un empleado transitorio, excluido de la autoridad de la CASP, según dispone la Ley Núm. 45-1998, *infra*.

Oportunamente, el 12 de agosto de 2025, la parte recurrente presentó una Moción en Reconsideración[2] a los fines de especificar que el Sr. Costales Ortiz no es un empleado transitorio, sino probatorio, según consta en un documento de cambio de estatus[3] remitido por la entidad recurrida. Por ende, recalcó que al empleado le asisten las garantías del debido proceso de ley, conforme a su estatus probatorio. En vista de lo anterior, razonó que la CASP goza de jurisdicción para atender su reclamación.

Tras examinar sus argumentos, el 29 de agosto de 2025, la CASP dictó la Resolución, notificada el 2 de septiembre de 2025, en la cual declaró No Ha Lugar la solicitud de reconsideración. En este dictamen, puntualizó que el derecho vigente no le concede facultad legal para atender la reclamación instada por el Sr. Costales Ortiz. En esta ocasión, particularizó que el reclamante es un empleado en periodo probatorio, es decir, que no tiene un

---

[2] El 20 de agosto de 2025, la parte recurrente interpuso ante la CASP un segundo escrito intitulado Moción Reiterando Reconsideración, en la cual discutió idénticos argumentos a los expuestos en esta solicitud.

[3] Véase Anejo B, del Apéndice de la Petición de Revisión Administrativa, en la entrada tres (3) del Sistema Unificado de Administración y Manejo de Casos del Tribunal de Apelaciones (SUMAC TA).

puesto de carrera, que le permita ser parte de la Unidad Apropiada. Por lo anterior, la agencia reiteró que está privada de ejercer su jurisdicción.

Inconforme, el 4 de septiembre de 2025, la Asociación de Maestros recurrió ante nos mediante una Petición de Revisión de Decisión Administrativa, en la cual esbozó los siguientes señalamientos de error:

> *Erró la Comisión Apelativa del Servicio Público (CASP) al determinar que los empleados con estatus probatorio no son miembros de la unidad apropiada.*
>
> *Erró la Comisión Apelativa del Servicio Público (CASP) al emitir Resolución mediante la cual desestimó el caso de epígrafe por no tener jurisdicción en un empleado probatorio, a pesar de ser el foro que ostenta jurisdicción.*

El 8 de septiembre de 2025, este Tribunal emitió una Resolución en la cual concedió a la parte recurrida un término a vencer el 18 de septiembre de 2025 para someter su alegato en oposición. Tras la concesión de una prórroga, el 29 de septiembre de 2025, el Departamento de Educación, por conducto de la Oficina del Procurador General de Puerto Rico (Procurador General) presentó un Escrito en Cumplimiento de Orden.

Con el beneficio de la comparecencia de las partes, procedemos a discutir el marco legal pertinente a la controversia ante nuestra consideración.

## II.

### A.

Es norma reiterada que, "la jurisdicción es el poder o la autoridad que posee un tribunal o un organismo administrativo para considerar y decidir casos o controversias con efecto vinculante para las partes". *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). Por su trascendencia, el primer factor que corresponde evaluar en toda situación jurídica es el aspecto

jurisdiccional. *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024); *Torres Alvarado v. Maderas Atiles*, 202 DPR 495, 500 (2019).

Así pues, las cuestiones referentes a la jurisdicción son privilegiadas y deben atenderse con preferencia. *S.L.G. Szendrey Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). Véase, también, *FirstBank v. Registradora*, 208 DPR 64, 75 (2021). Por tal razón, al momento de determinar si el ente adjudicador tiene jurisdicción sobre un caso, es necesario asegurarse de que se cumplieron todos los requisitos jurisdiccionales que la ley dispone. *Adm. Terrenos v. Ponce Bayland*, *supra*, a la pág. 600; *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).

En el caso de las agencias, su jurisdicción está limitada a los poderes delegados en su ley habilitadora:

> *Así, pues, la ley es el medio por el cual el legislador autoriza y delega los poderes a la agencia administrativa para que actúe conforme a sus propósitos. Por esta razón, una agencia no puede asumir jurisdicción sobre una actividad, materia o conducta cuando no está claramente autorizada por ley para ello. DACo v. AFSCME*, 185 DPR 1, 12 (2012); *ASG v. Mun. San Juan*, 168 DPR 337, 342 (2006).

Así que, los foros adjudicativos no tienen discreción para asumir la jurisdicción en aquellos contextos en que no la tienen. *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 165 (2016). La ausencia de tal autoridad no es un asunto que pueda ser subsanado. *S.L.G. Szendrey Ramos v. F. Castillo*, *supra*, a la pág. 883. Por tanto, si un foro adjudicativo carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *R&B Power, Inc. v. Junta de Subastas ASG*, *supra*, a la pág. 698; *Mun. de San Sebastián v. QMC Telecom*, *supra*, a la pág. 660 (2014).

**B.**

En el año 2010, la Asamblea Legislativa de Puerto Rico adoptó el Plan de Reorganización Núm. 2 de 2010, aprobado el 26 de julio de ese año, conocido como el Plan de Reorganización de la Comisión Apelativa del Servicio Público, 3 LPRA Ap. XIII, (Plan de Reorganización). El Art. 4 del Plan de Reorganización, *supra*, instaura como política pública la creación[4] de la Comisión Apelativa del Servicio Público (CASP):

> *Se crea la Comisión Apelativa del Servicio Público como un organismo cuasi-judicial en la Rama Ejecutiva, especializado en asuntos obrero-patronales y del principio de mérito en el que se atenderán casos laborales, de administración de recursos humanos y de querellas, tanto para los empleados que negocian al amparo de la Ley Núm. 45 de 25 de febrero de 1998, según enmendada, conocida como la "Ley de Relaciones del Trabajo del Servicio Público", como para los empleados públicos cubiertos por la Ley Núm. 184 de 3 de agosto de 2004[5], según enmendada, conocida como la "Ley para la Administración de los Recursos Humanos en el Servicio Público del Estado Libre Asociado de Puerto Rico".*

Con ese propósito en mente, la CASP atiende casos sobre asuntos laborales, administración de recursos humanos y querellas relacionadas con aquellos empleados que negocian en virtud de la Ley Núm. 45-1998, *infra,* y la Ley Núm. 8-2017, *infra.* Véanse, *Hernández Feliciano v. Mun.*, 211 DPR 99, 112 (2023); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 108 (2020). Entre sus facultades se encuentran la atención de aquellos procedimientos relacionados con la conciliación y el arbitraje de negociaciones de convenios colectivos, entre otros extremos, según dispuesto en el inciso (k) del Art. 8 del Plan de Reorganización, *supra*, 3A LPRA Ap. XIII.

---

[4] Su creación responde a la fusión de la Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público y la Comisión de Relaciones del Trabajo del Servicio Público.

[5] Derogada y sustituida por la Ley Núm. 8-2017.

No obstante, el Art. 11 de esta pieza legislativa delimita una serie de circunstancias en que la CASP goza de jurisdicción primaria:

> *La Comisión tendrá jurisdicción primaria exclusiva sobre:*
>
> *(a) las reclamaciones surgidas como consecuencia de acciones o decisiones del patrono en violación a las disposiciones de la Ley Núm. 45 de 1998, según enmendada;*
>
> *(b) las reclamaciones surgidas como consecuencia de acciones o decisiones de las organizaciones laborales, sindicales u obreras y de los representantes exclusivos en violación a las disposiciones de la Ley Núm. 45 de 1998, según enmendada.*
>
> *(c) las reclamaciones surgidas como consecuencia de acciones o decisiones de las organizaciones laborales, sindicales u obreras y de los representantes exclusivos en violación a las disposiciones de la Ley Núm. 333 de 2004, según enmendada.* 3A LPRA Ap. XIII.

Ahora bien, el mero hecho de que exista una decisión adversa al empleado, no le confiere automáticamente jurisdicción a este foro administrativo. Ello, pues, la CASP, también, debe auscultar su jurisdicción de conformidad con las instancias establecidas en el Art. 12 del Plan de Reorganización, *supra*:

> *La Comisión tendrá jurisdicción exclusiva sobre las apelaciones surgidas como consecuencia de acciones o decisiones de los Administradores Individuales y los municipios en los casos y por las personas que se enumeran a continuación.:*
>
> *(a) cuando un empleado, dentro del Sistema de Administración de los Recursos Humanos, no cubierto por la Ley Núm. 45-1998, según enmendada, conocida como la "Ley de Relaciones del Trabajo del Servicio Público", alegue que una acción o decisión le afecta o viola cualquier derecho que se le conceda en virtud de las disposiciones de la Ley 8-2017, según enmendada, la Ley 107- 2020, según enmendada, conocida como "Código Municipal de Puerto Rico", los reglamentos que se aprueben para instrumentar dichas leyes, o de los reglamentos adoptados por los Administradores Individuales para dar cumplimiento a la legislación y normativa aplicable;*
>
> *(b) cuando un ciudadano alegue que una acción o decisión le afecta su derecho a competir o ingresar en el Sistema de Administración de los Recursos Humanos, de conformidad al principio de mérito;*

*(c) cuando un empleado irregular alegue que la autoridad nominadora se ha negado injustificadamente a realizar su conversión a empleado regular de carrera, según dispone la Ley Núm. 110 de 26 de junio de 1958, según enmendada, conocida como "Ley de Empleados Irregulares;*

*(d) cuando un Administrador Individual alegue que una acción, omisión o decisión de la Oficina es contraria a las disposiciones generales de la Ley Núm. 184 de 3 de agosto de 2004[6], según enmendada, en las áreas esenciales al principio de mérito;*

***(e) la Comisión tendrá jurisdicción sobre el personal docente y clasificado del Departamento de Educación*** *y el personal civil de la Policía de Puerto Rico, que no estén sindicados bajo la Ley Núm. 45 de 25 de febrero de 1998, según enmendada;*

*(f) la Comisión podrá tener jurisdicción apelativa voluntaria sobre los empleados no organizados sindicalmente de aquellas agencias excluidas de la aplicación de la Ley Núm. 184 de 3 de agosto de 2004[7], según enmendada, y las corporaciones públicas que operen como negocio privado que se sometan voluntariamente al proceso apelativo y adjudicativo de la Comisión. El procedimiento y costo para que puedan acogerse a esta jurisdicción se establecerá, mediante reglamento;*

*(g) cualquier asunto proveniente u originado de la administración de los recursos humanos no cubierto en otras leyes o convenios colectivos.* 3A LPRA Ap. XIII. (Énfasis nuestro).

Nótese que, el precitado texto legal alude a una serie de disposiciones legales que inciden en el alcance de la jurisdicción de la CASP. En lo pertinente a este recurso, conviene visitar primero la Ley de Relaciones del Trabajo para el Servicio Público de Puerto Rico, Ley Núm. 45-1998, 3 LPRA sec. 1451, según enmendada, (Ley de Relaciones del Trabajo o Ley Núm. 45-1998). La Sec. 4.2(a) de la Ley Núm. 45-1998, *supra,* establece que solo los empleados con puestos de carrera podrán organizarse y afiliarse a organizaciones sindicales:

*(a) Podrán organizarse y afiliarse a organizaciones sindicales los empleados con nombramientos en un puesto regular de carrera, de cualquier agencia del gobierno central.* 3 LPRA sec. 1451d.

---

[6] Derogada y sustituida por la Ley Núm. 8-20117.
[7] Derogada y sustituida por la Ley Núm. 8-2017.

No obstante, el inciso (1) de la Sec. 4.2(b) de la Ley de Relaciones del Trabajo, *supra*, preceptúa que los siguientes funcionarios y empleados quedan excluidos de todas las unidades apropiadas para fines de negociación ante la CASP:

> *(b) Los siguientes funcionarios y empleados quedarán excluidos de todas las unidades apropiadas para fines de negociación colectiva certificadas por la Comisión.* Íd.

> *(1) Empleados con nombramientos de confianza, transitorios, irregulares, por jornal y empleados confidenciales.* Íd. (Citas omitidas).

Para comprender el alcance de la disposición legal que antecede, es necesario que analicemos la clasificación de empleado transitorio y probatorio en el Departamento de Educación. A esos efectos, los incisos (2) y (3) del Art. 3.01(g) de la Ley de Reforma Educativa de Puerto Rico, Ley Núm. 85-2018, 3 LPRA sec. 9803, según enmendada, proveen una distinción entre empleado de carrera y empleado transitorio:

> *2. Los empleados de carrera son aquellos que han ingresado en el servicio público a tenor con el principio de mérito y en cumplimiento cabal de lo establecido por el ordenamiento jurídico vigente y aplicable a los procesos de reclutamiento y selección del servicio de carrera al momento de su nombramiento.*

> *3. Los empleados transitorios serán contratados para trabajos de duración fija y no tendrán derecho propietario de su posición. Se establece que el Departamento, en aquellas áreas de difícil reclutamiento como los maestros de inglés, matemática, física y química, promoverá la permanencia de los mismos dentro del término de un (1) año, de haber disponibilidad fiscal de la plaza y de estar la misma vacante.*

Ahora bien, las legislaciones discutidas guardan silencio respecto a la clasificación de empleado probatorio en el contexto del Departamento de Educación. A tales efectos, el Art. VI de la Sec. 6.3(A) del Reglamento del Personal del Departamento de Educación de Puerto Rico, Reglamento 9180, 17 de junio de 2020 (Reglamento 9180), dispone lo siguiente:

> *A. Será probatorio el personal docente nombrado para ocupar un puesto regular, por el período de prueba que*

*establece la ley que regula la permanencia de los docentes.*

No obstante, el docente en periodo probatorio, quien no posee un interés propietario sobre su puesto[8], debe completar una serie de evaluaciones para alcanzar el estatus permanente, según dispuesto en el Art. VI del inciso (B)(6) contemplado en la Sec. 6.3 del Reglamento 9180, *supra*:

> *6. Todo personal que apruebe satisfactoriamente el periodo probatorio, debidamente acreditado con las evaluaciones correspondientes, pasará a ocupar el puesto con estatus permanente de haber disponibilidad fiscal y de estar puesto vacante. El cambio se tramitará a la terminación del período probatorio.*

En armonía con lo anterior, el inciso (32) del Art. 3 de la Ley para la Administración y Transformación de los Recursos Humanos en el Gobierno de Puerto Rico, Ley Núm. 8-2017, según enmendada, 3 LPRA sec. 1469b, brinda una definición respecto a aquel empleado en periodo probatorio:

> *(32) Período Probatorio — término de tiempo durante el cual un empleado, al ser nombrado en un puesto está en período de adiestramiento y prueba, y sujeto a evaluaciones del desempeño de sus deberes y funciones. Durante dicho período el empleado no adquiere ningún derecho propietario sobre el puesto.*

### C.

Es norma reiterada que, los tribunales revisores estamos llamados a conceder deferencia a las decisiones de las agencias, pues estas poseen la experiencia y el conocimiento especializado sobre los asuntos que se les han delegado *Katirias's Café v. Mun. de San Juan, supra*; *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018). En virtud de este principio, las determinaciones administrativas están revestidas de presunción de legalidad y

---

[8] En *Torres Rivera v. Policía de PR*, 196 DPR 606, 624-625 (2016), el Tribunal Supremo de Puerto Rico reiteró la normativa atinente a los empleados de carrera:

> **En múltiples instancias, este Foro ha manifestado que al empleado público se le reconoce un interés en la retención de su empleo, ello siempre que ese interés se encuentre protegido por ley, como en el caso de los empleados de carrera, o cuando las circunstancias del empleo le creen una expectativa de continuidad. Esto es, los empleados de carrera poseen un interés propietario sobre sus plazas, de manera que son acreedores de un debido proceso de ley.** (Énfasis nuestro).

corrección. *Capó Cruz v. Jta. Planificación et al.*, 204 DPR 581, 591 (2020); *García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 892 (2008). Por lo que, solo es posible sustituir "el criterio de la agencia por el del tribunal revisor cuando no exista una base racional para explicar la decisión administrativa". *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* 213 DPR 743, 754 (2024); *Capó Cruz v. Jta. Planificación et al., supra*, a la pág. 591.

Cónsono con lo anterior, los tribunales revisores no debemos intervenir en las determinaciones de hechos siempre y cuando surja del expediente administrativo evidencia sustancial que las respalde. *The Sembler Co. v. Mun. De Carolina,* 185 DPR 800, 821-822 (2012). La evidencia sustancial es aquella prueba relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Capó Cruz v. Jta. de Planificación et al., supra*, a la pág. 591; *Rebollo v. Yiyi Motors,* 161 DPR 69, 76-77 (2004). Así pues, si en la solicitud de revisión la parte afectada no demuestra la existencia de otra prueba, entonces las determinaciones de hechos deben ser sostenidas por este tribunal revisor. *Domínguez v. Caguas Expressway Motors, Inc.,* 148 DPR 387, 398 (1999).

En cambio, respecto a las conclusiones de derecho, tenemos autoridad para revisarlas en todos sus aspectos de acuerdo con la Sec. 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9675. Es decir, estamos facultados para revisarlas completa y absolutamente. *IFCO Recyclint v. Aut. Desp. Sólidos,* 184 DPR 712, 745 (2012); *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* 144 DPR 425, 436 (1997). Ello, pues, no podemos imprimir un sello de corrección a aquellas determinaciones o interpretaciones administrativas irrazonables, ilegales o contrarias

a derecho. *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 127 (2019).

Ahora bien, tal facultad no implica "la sustitución automática del criterio e interpretación del organismo administrativo". *Capó Cruz v. Jta. Planificación et al., supra,* a la pág. 591; *Rebollo v. Yiyi Motors, supra* a la pág. 77. Nuestra deferencia cede en limitadas circunstancias, a saber, cuando: (1) la decisión no está basada en evidencia sustancial; (2) el organismo administrativo ha errado en la aplicación o la interpretación de las leyes o reglamentos; (3) ha mediado una actuación arbitraria, irrazonable o ilegal, o (4) la actuación administrativa lesiona derechos constitucionales fundamentales. V*oilí Voilá Corp. et al. v. Mun. Guaynabo, supra* a las págs. 754-755; *Super Asphalt v. AFI y otro, supra*, a la pág. 819.

### III.

En el recurso de epígrafe, la Asociación de Maestros nos invita a revocar el dictamen desestimatorio emitido por la CASP. Precisa que el docente Costales Ortiz, quien pertenece a la Unidad Apropiada, ocupaba un puesto probatorio al momento de su suspensión. Por tal motivo, argumenta que la agencia recurrida debió asumir la jurisdicción para atender su caso.

Por su parte, el Departamento de Educación, por conducto del Procurador General, advierte que la determinación recurrida adolece de una notificación adecuada, lo cual incide en nuestra jurisdicción. No obstante, en los méritos de la controversia, expresa que, "en un ejercicio de honestidad intelectual, consideramos que l[e] asiste la razón a la parte recurrente".[9] Al igual que la Asociación de Maestros, sostiene que la CASP debe asumir la jurisdicción, debido a que el docente al momento de la

---

[9] Escrito en Cumplimiento de Orden del Departamento de Educación, pág. 7.

acción disciplinaria ostentaba la categoría de empleado de carrera con estatus probatorio.

Como cuestión umbral nos corresponde evaluar si ostentamos jurisdicción para atender el recurso ante nos, en atención al planteamiento levantado por la parte recurrida. Tras examinar el derecho aplicable, precisamos que el defecto en la notificación del dictamen en cuestión no nos priva automáticamente de jurisdicción. En casos de notificaciones defectuosas, la normativa imperante establece que no podemos limitarle a la parte recurrente su derecho a solicitar revisión judicial, siempre y cuando esta no haya actuado con incuria. Véanse *PR Eco Park et al. v. Mun. de Yauco*, 202 DPR 525, 540 (2019); *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 235–236 (2014); *Molini Gronau v. Corp. P.R. Dif. Púb.*, 179 DPR 674, 686–687 (2010).[10] De conformidad con el estado de derecho vigente, concluimos que nos compete atender el recurso radicado por la Asociación de Maestros. Nuestro razonamiento responde a que una vez la agencia recurrida emitió su contestación a la reconsideración peticionada, la parte recurrente acudió con diligencia ante este Tribunal de Apelaciones. Superado ese análisis, procedemos a atender la controversia ante nuestra consideración.

Luego de evaluar con detenimiento el recurso que nos ocupa[11], colegimos que la CASP actuó correctamente al no asumir la jurisdicción en el caso presente. Adelantamos que el derecho vigente impide que dicho foro administrativo active su jurisdicción

---

[10] En *Horizon v. Jta. Revisora, RA Holdings, supra,* a las págs. 235–236, el Máximo Foro discute la siguiente normativa referente a la jurisdicción a nivel apelativo y la falta de una notificación adecuada:

> ***Así las cosas, a una parte que no fue notificada adecuadamente de su derecho de revisión, no se le pueden oponer los términos para recurrir. Hemos reconocido en estos casos de notificaciones erróneas relacionados con la revisión de una determinación administrativa, que se le debe conceder tiempo a la parte perjudicada para que ejerza su derecho de revisión judicial como corresponde o atender el recurso de revisión ya presentado, siempre que no haya mediado incuria.*** (Énfasis nuestro).

[11] Circunscribiremos el análisis de esta Sentencia al señalamiento de error segundo.

en casos presentados por aquellos docentes que no ostentan un interés propietario sobre su puesto. Veamos.

Surge del expediente ante nos, que el Sr. Costales Ortiz ejercía como docente en el Departamento de Educación al momento de su suspensión. La prueba documental sometida nos devela que este ocupaba dicho puesto en un periodo probatorio. Por tales circunstancias, establecemos que la CASP está impedida de ejercer su jurisdicción para atender la Solicitud de Arbitraje de Quejas y Agravios presentada por la Asociación de Maestros en representación del docente.

A tales efectos, nos corresponde revisar el inciso (a) de la Sec. 4.2 de la Ley Núm. 45-1998, *supra.* El referido precepto dispone que, solamente aquellos empleados que tengan un puesto regular de carrera podrán organizarse y afiliarse a las organizaciones sindicales. En consonancia con tal precepto, el inciso (b) del cuerpo legal aludido establece que, los empleados de nombramientos de confianza, transitorios, irregulares, por jornal y empleados confidenciales quedarán excluidos de todas las unidades apropiadas para fines de negociación colectiva certificada por la CASP. Entiéndase que tales empleados no ostentan un derecho propietario sobre su puesto, al igual que ocurre con aquellos docentes que ocupan su puesto en periodo probatorio. Sobre este particular, el inciso (32) del Art. 3 de Ley Núm. 8-2017, *supra,* preceptúa que, durante el periodo probatorio, el empleado no goza de un derecho propietario:

> **(32) Período Probatorio — término de tiempo durante el cual un empleado, al ser nombrado en un puesto está en período de adiestramiento y prueba, y sujeto a evaluaciones del desempeño de sus deberes y funciones. Durante dicho período el empleado no adquiere ningún derecho propietario sobre el puesto.** (Énfasis nuestro).

Analizado el derecho vigente, reiteramos que la CASP actuó conforme a derecho al no asumir la jurisdicción, toda vez que el

señor Costales Ortiz ejercía sus funciones en un periodo probatorio, lo cual implica que este aún no ha adquirido un interés propietario sobre su puesto. En efecto, el docente está excluido de la autoridad de dicho foro administrativo por no poseer un puesto de carrera, a tenor con la Sec. 4.2 de la Ley Núm. 45-1998, *supra.*

En vista de lo anterior, nos corresponde ser deferentes al dictamen recurrido, pues es consistente con el marco legal reseñado. Por consiguiente, no identificamos una actuación arbitraria, irrazonable o ilegal, ni una aplicación o interpretación errónea de las normas sustantivas y procesales del derecho por parte de la CASP. En virtud de este razonamiento, confirmamos la decisión administrativa recurrida.

**IV.**

Por los fundamentos que anteceden, los que hacemos constar en este dictamen, confirmamos la Resolución recurrida, emitida por la Comisión Apelativa del Servicio Público.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones